UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80158-CR-Ryskamp/Hopkins

UNITED STATES OF AMERICA,

v.

ANTHONY R. MASILOTTI,

        Defendant.
_____/

## ORDER MODIFYING IN PART AND OTHERWISE ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY THIRD-PARTY CLAIMANTS' MOTION TO VACATE FINAL ORDER OF FORFEITURE (DEs 80, 100)

**THIS CAUSE** is before this Court upon Third-party Claimants' Motion to Vacate the Final Order of Forfeiture, which was entered by this Court on June 29, 2007. (DEs 47, 80). This matter was previously referred to United States Magistrate Judge James M. Hopkins pursuant to 28 U.S.C. § 636 for a recommended disposition. (DE 81). On January 5, 2012, Magistrate Judge Hopkins filed a Report and Recommendation upon the motion. (DE 100). On January 17, 2012, the Government filed objections to the report. (DE 101).

Having carefully reviewed the Magistrate Judge's report and recommendation, and having reviewed *de novo* those portions of the report to which the Government has lodged objections, the Court adopts the Magistrate Judge's Recommendation to deny claimants' motion, but the Court hereby modifies the Report as follows:

First, the Government objects to language in the Report which states that the third-party claimants, Susan and Paul Masilotti, "owned" certain property that was included in the Final

Order of Forfeiture. The Government contends that this is an overstatement, unsupported by the record, and that the third-party claimants merely "agreed to forfeit whatever right, title, and interest they had in the assets listed . . ." (DE 101 at page 2). The Court hereby modifies the Report and Recommendation to omit any reference to the third-party claimants' ownership of the property at issue.

Second, the Government contends that because the $400,000.00 that the third-party claimants forfeited as part of the underlying plea agreement was accomplished via an IRS administrative forfeiture, and not pursuant to the Final Order of Forfeiture issued by this Court, Rule 60(b) does not provide this Court with jurisdiction to review that forfeiture. The Court concurs with this analysis and hereby modifies the Report and Recommendation to reflect that claimants' request for the return of the $400,000.00 that was administratively forfeited is denied because it is not properly before this Court in the context of a Rule 60(b) motion. *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1211, n.12 (10th Cir. 2001)(noting that where there has been an administrative forfeiture, there is no "judgment" that could be open to challenge in the federal courts pursuant to Rule 60(b)); *United States v. Daniels*, 2012 WL 72467, *2 (E.D. La. Jan. 10, 2012)(defendant moved for the return of administratively forfeited property under Rule 60(b), but court denied the motion, noting that such administrative proceedings are "conducted wholly outside the judicial system.").

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Magistrate Judge Hopkins's Report and Recommendation is adopted in full, subject to the modifications as noted above, and that Third-party Claimants' Motion to Vacate the Final Order of Forfeiture is **DENIED**.

**DONE AND SIGNED** this 19 day of January, 2012 at West Palm Beach in the Southern District of Florida.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record