UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80158-CR-RYSKAMP/HOPKINS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ANTHONY R. MASILOTTI,

       Defendant.

                             /

### GOVERNMENT'S RESPONSE TO DEFENDANT'S PETITION FOR WRIT OF <u>AUDITA QUERELA</u> AND/OR WRIT OF <u>CORAM NOBIS</u>

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby files its response in opposition to petitioner Anthony Masilotti's petition for writ of error <u>coram nobis</u> and writ of <u>audita querela</u>.  In response to this latest challenge, we set out the procedural history, and follow with the legal arguments in opposition.

## I. PROCEDURAL HISTORY

### A. Information and Criminal Forfeiture

On January 11, 2007, Anthony Masilotti, former county commissioner for Palm Beach County, Florida, pleaded guilty to a criminal information (Appendix A), charging him with a dual-object conspiracy: (1) to commit mail and wire fraud by using mail and wire communications to deprive another of honest services, in violation of 18 U.S.C. §§ 1341 (general mail fraud), 1343 (general wire fraud), and 1346 (defining "scheme or artifice to defraud" for purposes of the mail and

wire fraud statutes to include a scheme to deprive another of the right to honest services); and (2) to impede the  Internal Revenue Service in the collection of personal income taxes, in violation of 26 U.S.C. § 7212 (impeding the IRS). <u>See also</u> 18 U.S.C. § 371 (conspiracy). The information charged, <u>inter alia</u>, that Masilotti used his position as county commissioner to advance his undisclosed financial interest in certain real estate transactions. The information also included a criminal forfeiture count that sought the forfeiture of: (1) $9.5 million; (2) various parcels of real property; (3) all Masilotti's interests in two entities, Micco Eastern Holdings, LLC ("MEH") and ARM Family Land Trust (the "ARM trust"); and (4) all Masilotti's interests in a bank account and several certificates of deposit. The information charged the forfeiture pursuant to 28 U.S.C. § 2461, 18 U.S.C. § 981(a)(1)(C), and 21 U.S.C. § 853.

### B. 2007 Plea Agreement and Sentence

On January 11, 2007, Masilotti entered into a comprehensive resolution of his case by means of a plea agreement, (Appendix B), which encompassed a guilty plea to the Information and an agreed Consent to Forfeiture (DE 16, Case No. 06-80158-Cr-KLR).  Both the United States and Masilotti obtained certain benefits, and both agreed to forego available legal remedies in the interest of finalizing an <u>end</u> to their litigation. First, Masilotti avoided additional criminal charges for himself and any charges for his brother Paul Masilotti. Second, Masilotti capped his maximum sentence at five years' incarceration, and limited his forfeitable assets to those listed in the preliminary order of forfeiture.  As for the United States, the government extracted the concessions of a guilty plea, Masilotti's agreement to forfeit assets, and an appellate waiver that applied not only to all future legal challenges, but also to any grounds relating to the forfeitures.  The United States lived up to the end of its bargain; Mr. Masilotti, however, has repeatedly ignored his bargain and has sought to

undo his agreement. This Court has consistently rejected those attempts, and it should reject this latest challenge as well.

In his plea agreement, Masilotti consented to the forfeiture charged in the Information, which included cash and parcels of real property, (Appendix B, para. 13). Additionally, Masilotti agreed to waive any future challenges to this agreed forfeiture:

> Defendant further knowingly and voluntarily waives the following rights as to assets subject to forfeiture: ( 1) <u>all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding</u>; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claims of double jeopardy, whether constitutional or statutory; ( 4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this Plea Agreement. Defendant further understands that the forfeiture of these assets shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this Court may impose on the defendant.

(*Id*. at para. 14). (Emphasis added).

On January 11, 2007, this Court conducted a plea hearing and accepted Masilotti's guilty plea. (*See* Appendix K, *infra*). In accordance with Masilotti's plea agreement and Federal Rule of Criminal Procedure 32.2(b)(2), this Court also entered a preliminary order of forfeiture in Masilotti's criminal case on January 11, 2007. (Appendix C). This Court's order listed Masilotti's interests in each of the above assets explicitly referenced in the plea agreement. Pursuant to the comprehensive agreement, this Court sentenced Masilotti on June 29, 2007, to 60 months' imprisonment, and entered a "Final Order of Forfeiture" in the case, providing that the assets listed in the plea agreement and the preliminary order of forfeiture were forfeited.[1] (DEs 46 and 47)(Appendix D

---

[1] As explained in the Eleventh Circuit opinion at footnote 2: "At sentencing-or at any time before sentencing if the defendant consents-the preliminary forfeiture order becomes final as to the

(combined)).    On July 2, 2007, this Court entered a "Judgment in a Criminal Case" in Case No. 06-80158 (the "Criminal Judgment") against Masilotti. The Criminal Judgment listed Masilotti's sentence and also expressly incorporated the forfeiture order, stating: "The defendant shall forfeit the defendant's interest in the property as stated in the plea agreement and preliminary order of forfeiture to the United States." See Fed. R. Crim. P. 32.2(b)(4)(B). (Appendix D, supra).  Masilotti did not appeal his sentence or conviction, or file any immediate challenge to the agreed to forfeiture. In the meantime, as a result of the plea agreement, Masilotti escaped prosecution for any other crimes he may have committed that were known to the government. (Appendix B, ¶ 12).

### C. Masilotti's 2009 Post-Conviction Motion for Reduction of Sentence

Over two years later, on October 17, 2009, Masilotti filed a motion in the criminal case to reduce his sentence.  (DE 63)   He did not challenge the forfeitures.  Masilotti argued that he was deprived of his due process and equal protection rights because the United States had not filed a motion to reduce his sentence based on his willingness to cooperate. Masilotti also questioned the constitutionality of the honest services fraud statute, 18 U.S.C. § 1346, cited in his information and plea agreement. The motion was denied, but this Court, in dicta, cited its belief that the federal honest services statute was unconstitutional.  (DE 60 at p. 1 ) .

### D. Masilotti's 28 U.S.C. § 2255 Motion in 2009

On November 13, 2009, Masilotti filed a 28 U.S.C. § 2255 motion challenging the constitutionality of his conviction and sentence. Masilotti based his § 2255 motion in large part on

---

defendant.  Fed.R.Crim.P. 32.2(b)(4)(A).  The final order of forfeiture is final with respect to any third parties with interest in the forfeiture property.  See id. At 32.2(c)(2).  Appendix  J, United States v. Masilotti, 495 F. App'x. 975, n.2 (11th Cir. 2012)(per curiam).  Appendix L, Final Order of Forfeiture, DE 47.

this Court's comments on the constitutionality of the honest services fraud statute.  The Magistrate Judge filed a report recommending that Masilotti's § 2255 motion be denied as time-barred and because this Court's comments provided no basis for relief. This Court adopted the report and denied  Masilotti's § 2255 motion. Masilotti's motion for  reconsideration was also denied. Masilotti filed a notice of appeal from the denial of his § 2255 motion, which this Court treated as an application for a certificate of appealability ("COA"). On April 5, 2010, this Court denied the COA.  Masilotti then sought a COA from the Eleventh Circuit. On June 24, 2010, while his COA application was pending, the Supreme Court decided Skilling v. United States, 130 S. Ct. 2896 (2010), which held, in relevant part, that the honest services fraud statute was not unconstitutionally vague so long as it was construed to proscribe only bribery and kickback schemes. Id. at 2931.  In an August 2, 2010 order, the Eleventh Circuit denied Masilotti's COA application, concluding that this Court had properly denied his § 2255 motion as time barred and, thus, Masilotti had failed to demonstrate that reasonable jurists would find debatable the denial of his § 2255 motion.  Masilotti moved for reconsideration in light of *Skilling*. The Eleventh Circuit denied Masilotti's motion on October 6, 2010.

### E. Masilotti's 28 U.S.C. § 2241 Petition in 2010

On September 23, 2010, Masilotti filed a petition under 28 U.S.C. § 2241, (Case No. 10-81137-Civ-KLR).  Masilotti again asked this Court to vacate the honest services fraud portion of his conspiracy conviction. Masilotti argued that Skilling established that he had been convicted of a "non-existent offense" because the stipulated facts in his change-of-plea hearing did not show that he had received bribes or kickbacks. Masilotti also asked the court to vacate the 2007 criminal forfeiture order included in his sentence. In this regard, Masilotti sought the following relief:

1. Granting habeas corpus relief to the above named petitioner;

2. Vacating a judgment of conviction ... [entered in  Case No. 06-80158-Cr-Ryskamp];

3. Dismissing all charges in the aforesaid case;

4. Remitting the fine and special assessment paid by the petitioner pursuant to the aforesaid judgment;

5. Vacating the forfeiture Order entered against the petitioner; and

6. Granting such other and further relief to petitioner as this Court may deem just and proper.  Anthony R. Masilotti v. United States of America, Case No. 10-81137-Civ-KLR, DE 1.

The matter was initially referred to a Magistrate Judge who entered a Report and Recommendation denying the petition.  After both parties had filed objections, on March 9, 2011, this Court adopted the Magistrate Judge's report recommending denial of the 2241 and rejected both Masilotti's and the government's objections, and finally, denied Masilotti's §2241 petition.  (DE 16, 10-CV-81137-KLR)(Appendix F).   In ruling on Masilotti's objections, this Court recounted the factual basis of Masilotti's plea that showed Masilotti had received a kickback or bribe as part of the Diocese transaction and explained why his conviction survived Skilling as follows:

> The factual basis for Mr. Masilotti's guilty plea states that he "used his public office to advocate the sale of land to co-conspirator Daniel N. Miteff and Miteff's partners, and solicited the Village Manager of Royal Palm Beach to send an official letter to Masilotti as county commissioner outlining the Village's desire for the Diocese to assure it sold the land to a bidder that would provide a public park." Mr. Masilotti "made these requests without disclosing that he had a  financial interest in the transaction and in the Diocese awarding the bid to Daniel Miteff, that is, he expected to be compensated—and later was in fact compensated—by Miteff for his efforts on Miteff's behalf." Based on these admissions and the remainder of the factual record, the Court must conclude that Mr. Masilotti acted knowingly and corruptly in return for being influenced in the performance of an official act. Mr. Masilotti had a hidden financial interest in the Diocese transaction. Mr. Masilotti, in his official role as a Palm Beach County commissioner, advocated for Mr. Miteff to the Village Manager of Royal Palm Beach. Mr. Masilotti was secretly compensated for those efforts when

6

> Mr. Miteff paid him approximately $50,000 at the Atlantis Casino in the Bahamas. There is nothing in the record to support Mr. Masilotti's assertion that the payment he received in the Bahamas was some sort of "commission" rather than a bribe or kickback. Mr. Masilotti's conviction for his failure to disclose his hidden financial interest joined with the kickback or bribe he received from Mr. Miteff survives <u>Skilling v. United States</u>, 130 S. Ct. 2869 (2010). The objection is overruled.

(Appendix F, pp. 2-3).

In any event, this Court noted that Masilotti could not obtain relief from the forfeiture portion of his sentence through a writ of habeas corpus under § 2241. Masilotti did not appeal the denial of his § 2241 petition.

### F. Masilotti's Federal Rule of Civil Procedure 60(b) Motion in 2011

On April 20, 2011, Masilotti filed yet another attack on the forfeiture, this time grounding his claim under Federal Rule of Civil Procedure 60(b). (Appendix G, DE 71). The government opposed the motion as a misuse of the civil rules of procedure to challenge a purely criminal matter, and pointed out also that Masilotti had voluntarily waived all rights to challenge the forfeitures on any grounds. See DE 76. In a Report and Recommendation filed August 24, 2011, the Magistrate Judge recommended denying the petition on jurisdictional grounds. (Appendix H, DE 82).

This Court adopted the Report on October 3, 2011, and denied Masilotti's request to vacate the forfeitures. (Appendix I, DE 92). On December 13, 2012, the Eleventh Circuit affirmed this Court's denial of Masilotti's Rule 60(b) petition. (Appendix J, DE 127). The Eleventh Circuit also pointed out that Masilotti's prior waiver could form yet another basis for rejecting his untimely challenge to the forfeiture, his waiver of appellate rights. (Appendix J, at p. 14, n. 5). Masilotti has never asserted that his prior comprehensive waiver was either involuntary or unintelligent, and he was advised during the plea colloquy that he was giving up most of his appellate rights. (Appendix K, Transcript of Plea Colloquy). Accordingly, he should be held to his prior waiver and this matter

should be dismissed.   United States v. Bushert, 997 F.2d 1343 (11ᵗʰ Cir. 1993); accord, United

States v. Beasley, 2013 WL 2097366 (11ᵗʰ Cir. May 16, 2013)(unpublished).

## II.  LEGAL ARGUMENT

### A.    Masilotti Waived and Forfeited his Rights to the Assets  Pursuant to the Plea Agreement.

In his petition, Masilotti is requesting that this Court return to him "all currency and property

forfeited to the United States."  In support, Masilotti asserts that because Skilling "voided the

underpinnings" of the forfeiture, he is entitled to the return of the property.  For the reasons

articulated below, Masilotti's petition for relief pursuant to a writ of audita querela and/or a writ of

error coram nobis should be denied.

Under the terms of the plea agreement, Masilotti clearly waived his right to challenge any

aspect of the forfeiture in this case.  The Eleventh Circuit recognized this in rendering its opinion

affirming this Court's dismissal of Masilotti's Rule 60(b) motion.  Specifically, the Eleventh Circuit

determined that:

> Masilotti, in his plea agreement, expressly waived his right to challenge the forfeiture
> here.  His waiver explicitly encompassed all "constitutional, legal and equitable
> defenses" to the forfeiture, including any challenges on Eighth Amendment grounds.
> Masilotti does not contend that his waiver was not knowing or involuntary and thus
> unenforceable.  See United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir.
> 1993)(holding that a sentence appeal waiver will be enforced if it was made
> knowingly and voluntarily).

Appendix J, United States v. Masilotti, 495 F. App'x. 975, n.5  (11th Cir. 2012)(per curiam).

Knowingly, with full benefit of counsel, Masilotti chose to waive his right to raise any challenge to

the forfeiture based on the Eighth Amendment, or any other factual, legal, and equitable defense.

Therefore, his petition should be dismissed.

8

Waiver of a right is the "intentional relinquishment or abandonment of a known right." United States v. Olano, 507 U.S. 725, 733 (1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938). "Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." Id. Generally, to ensure that waiver of a constitutional or a significant statutory right is knowing and voluntary, the district court must explicitly question the defendant about his understanding of his decision unless it is manifestly clear from the record that the defendant fully understands the significance of the waiver. United States v. Bushert, 997 F.2d 1343 (11th Cir.1993). In this case, Masilotti knowingly waived his rights to challenge the forfeiture. (Appendix K, Plea Hearing Transcript at p. 5). As reflected in the record, the procedural safeguards employed to assure a voluntary and knowing waiver are present in this case. Thus, any right by Masilotti to appeal or otherwise challenge the forfeiture was permanently extinguished.

Masilotti argues that the language in his plea agreement does not preclude him from seeking the relief that he is currently requesting because the waivers in the forfeiture paragraph only apply to assets that are subject to forfeiture as proceeds of the crime. Since he is now claiming that the assets in the plea agreement are not subject to forfeiture because of the Skilling decision, he argues that the waivers do not apply. He also argues that the sentencing appeal waiver in paragraph 17 of the plea agreement does not preclude him from seeking relief. The case law says otherwise.

Waivers have consistently been held to include later changes in the law that might favor a defendant, absent a provision in the plea agreement explicitly stating otherwise. See, e.g., United States v. Lockwood, 416 F.3d 604, 608 (7th Cir. 2005) ("The fact that Lockwood, the government,

and the district court failed to anticipate <u>Booker</u> or its sweeping effect on federal sentencing guidelines does not change [conclusion that appeal waiver included later changes in law favoring the defendant]"); <u>United States v. Haynes</u>, 412 F.3d 37, 38-39 (2d Cir. 2005) ("appeal waivers are applicable to issues arising subsequent to the plea agreement, including issues created by new judicial decisions. The possibility of changes in the law is simply one of the risks allocated by the parties' agreement")(case citations omitted); <u>United States v. Lockett</u>, 406 F.3d 207, 213 (3d Cir. 2005) ("The waiver of an appeal will not be invalidated merely because unanticipated events occur in the future. The prospective nature of waivers has never been thought to place [waivers] off limits or to render a defendant's act unknowing.") (internal quotation marks omitted); <u>Unites States v. Bownes</u>, 405 F.3d 634 (7th Cir. 2005) ("In a plea agreement[] one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts; they limit the parties' ability to take advantage of what may happen over the period in which the contract is in effect."); <u>United States v. Rubbo</u>, 396 F.3d 1330, 1334 (11th Cir. 2005) ("the right to appeal a sentence based on <u>Apprendi/Booker</u> grounds can be waived in a plea agreement"). As the Sixth Circuit has explained:

> Plea bargains always entail risks for the parties-risks relating to what evidence would or would not have been admitted at trial, risks relating to how the jury would have assessed the evidence <u>and risks relating to future developments in the law</u>. The salient point is that a plea agreement allocates the risks between the two parties as they see fit. If courts disturb the parties' allocation of risk in an agreement, they threaten to damage the parties' ability to ascertain their legal rights when they sit down at the bargaining table and, more problematically for criminal defendants, they threaten to reduce the likelihood that prosecutors will bargain away counts with knowledge that the agreement will be immune from challenge on appeal. (Emphasis added).

<u>United States v. Bradley</u>, 400 F.3d 459, 464 (6th Cir. 2005).

Masilotti further argues that the sentencing appeal waiver in paragraph 17 of the plea agreement does not preclude him from arguing that the "forfeiture beyond the amount of the bribe or kickback in the Diocese transaction exceeds the maximum forfeiture permitted by statute." Masilotti's Petition, page 10.  Even though Masilotti is trying to characterize the forfeiture as a sentence that "exceeds the maximum permitted by statute," he is, in fact, making an excessive fines argument.  This was specifically waived in paragraph 14 of his plea agreement.

Moreover, a party cannot accept the benefits of an agreement, in whole or in part, and then renege by contesting the forfeiture which was part of the bargain. In addition to other concessions, as part of the plea bargain, the United States agreed not to pursue more serious charges against the defendant or pursue criminal charges against the defendant's brother, Paul Masilotti.

**B. Res Judicata.**

Masilotti's attack on the underlying forfeiture also is barred under the doctrine of res judicata.  Res judicata bars the filing of a claim when four requirements have been met: (1) there has been a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) the parties in both suits are identical, and (4) both cases involve the same cause of action.  Garcia-Padilla v. United States Attorney General, 410 F. App'x. 184 (11th Cir. 2010), citing Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1280 (11th Cir.2009).  Masilotti's underlying attempt to vacate the forfeiture has already been considered by this Court and the Eleventh Circuit. (Appendix J).  This identical claim, which Masilotti attempts to cloak in a disguise of a different color, is barred as res judicata.  There has been a judgment on the merits of the conviction and forfeiture by a court of competent jurisdiction, the parties are identical, and the current challenge involves old ground, an attempt to vacate the same forfeiture premised on the upheld conviction. Res judicata bars this latest challenge.

11

**C. Laches:**

In addition to the defendant's waiver, laches needs to be considered a bar as well. The Skilling decision was rendered on June 24, 2010. Yet the defendant's coram nobis and audita querela challenges were not filed until June 24, 2013. Even though the defendant's custodial status did not terminate until March 7, 2012, he does not adequately explain why he waited more than a year to file his current petition. Furthermore, despite Masilotti's allegation that the claims in this petition are new, the claims in this petition are in fact a reiteration of the claims that he unsuccessfully raised in his 2241 petition and his Rule 60(b) motion to set aside his conviction, in order to attack his conviction.[2] The burden is on a petitioner, not the government, to show "sound reasons" for his delay in raising his claim. See United States v. Morgan, 346 U.S. 502, 512 (1954); United States v. Pearl, 288 F. App'x 651, 653(11th Cir. 2008 ("district court may consider coram nobis petitions only where the petitioner presents sound reasons for failing to seek relief earlier"); United States v. Riedl, 496 F.3d 1003, 1007-09 (9th Cir. 2007)(noting prior circuit decisions had considered laches under coram nobis analysis because the government had invoked the doctrine as a supplemental defense.).

The Eleventh Circuit has noted that a defendant's failure to investigate and recognize the legal significance of his claims is not a sound reason for failure to seek relief earlier. United States v. Obasohan, 318 Fed. Appx. 798, 2009 WL 567246 (11th Cir. 2009). Futility in asserting a claim also is not a valid excuse for failing to seek relief. Bousley v. United States, 523 U.S. 614, 623 (1998). Masilotti's petition should be denied.

**D. Coram Nobis and Audita Querela Are Not Available:**

_____

[2]It should be noted that the defendant has been represented by counsel at every stage of these collateral attacks.

Masilotti asserts that he is seeking coram nobis relief on a matter that he has never raised before. An examination of Masilotti's arguments demonstrates that this petition is merely a repackaging of his arguments in his 2241 petition that was filed in 2010 to set aside his conviction and sentence in an attempt to vacate the forfeiture.   In United States v. Morgan, 346 U.S. 502 (1954), the Supreme Court held that the All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to grant a defendant coram nobis relief from a conviction for "errors 'of the most fundamental character'" where the defendant is no longer in custody and therefore has no remedy under [Title 28, United States Code, ]Section 2255, and where adverse collateral consequences from the conviction persist." Id. at 512.  "The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000).  Otherwise, the remedy "would prolong litigation once concluded, thus thwarting society's compelling interest in the finality of criminal convictions." United States v. Moody, 874 F.2d 1575, 1577 (11th Cir. 1989) (citing Morgan, 346 U.S. at 511). Moreover, the proceedings enjoy a presumption of correctness and the burden is on the defendant to overcome this presumption.  United States v. Morgan, 346 U.S. 502, 512 (1954).

In the § 2241 petition, Masilotti argued that he had been convicted of a non-existent offense, that is the offense of conspiracy to commit honest services fraud.  That argument was addressed on its merits by this Court and decided adversely against Masilotti.  As related in Section I.E above, the honest services fraud conviction survived the attack.  Masilotti did not appeal the denial of his § 2241 petition.

Masilotti submits at page 6 of the petition that the Eleventh Circuit "left open the door" for him to file for coram nobis relief.  However, this is not the case.  The Eleventh Circuit  recognized

and acknowledged that Masilotti had expressly waived his right to challenge the forfeiture, including "all "constitutional, legal and equitable defenses" to the forfeiture, including any challenges on Eighth Amendment grounds," thus foreclosing coram nobis relief in this case.  (Appendix J, United States v. Masilotti,  495 F. App'x. 975, n.5 (11th Cir.  2012)(per curiam)).

Masilotti relies on two cases to support his request for coram nobis.  Neither of these cases gives support to Masilotti's premise that the order of forfeiture is based on a non-existent offense. The first case is United States v. Gilbert, 609 F.3d 1159 (11th Cir. 2010).  The panel opinion relied on by Masilotti was vacated in Gilbert v. United States, 625 F.3d 716 (11th Cir. 2010).  Upon rehearing en banc, the Court affirmed the District Court's judgment denying the defendant's motion to vacate his sentence based on an alleged misapplication of a sentencing enhancement.  Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011).

The case of United States v. Peter, 310 F.3d 709 (11th Cir. 2002), is also readily distinguishable.  In Peter, the defendant had pled guilty to a RICO charge and had served his sentence.  Based on a subsequent Supreme Court decision, the crime of conviction, that is the RICO conviction, was vacated.

In this case, Masilotti was convicted of conspiracy to commit honest services fraud.  The Eleventh Circuit, in its opinion affirming this Court's order denying Masilotti's Rule 60(b) motion, acknowledged this Court's ruling that Masilotti's conviction for conspiracy to commit honest services fraud survived his § 2241 challenge.  (Appendix J, United States v. Masilotti, 495 F. App'x. 975 (11th Cir.  2012)(per curiam)).  In addition, the order denying the § 2241 petition also found that Masilotti was not "actually innocent".  (Appendix F. Order Denying § 2241, p.2).  In order for Masilotti to obtain relief, he must demonstrate error of such fundamental character that it "'rendered

the proceeding itself irregular and invalid.'"  <u>Peter</u>, 310 F.3d at 712 ; <u>see also</u> <u>Alikhani v. United</u>

<u>Sates</u>, 200 F.3d 732, 734 (11th Circuit 2000) (petitioner may obtain coram nobis relief where: (1)

"there is and was no other available avenue of relief' and (2) "when the error involves a matter of

fact of the most fundamental character which has not been put in issue or passed upon and which

renders the proceeding itself irregular and invalid") (quotation omitted).

Instructive as to what does not constitute a fundamental error was discussed in the Fourth

Circuit case of <u>United States v. Bazuaye</u>, 399 F. App'x. 822 (4th Cir. 2010)(unpublished decision).

In <u>Bazuaye</u>, the defendant filed a writ of <u>coram</u> <u>nobis</u> to void his guilty plea because there was no

forfeiture statute for the charge to which the defendant had pleaded guilty. In denying the

defendant's petition, the Fourth Circuit stated:

> Even acknowledging that Bazuaye should not have been subjected to criminal
> forfeiture, that error does not impact the integrity of his guilty plea or the validity of
> the judgment that he violated a federal offense.  We thus decline to conclude that the
> regularity of the legal proceedings that culminated in Bazuaye's conviction was
> fundamentally flawed.

The Fourth Circuit determined that <u>coram</u> <u>nobis</u> did not apply because the non-existence of the

forfeiture statute was not an error of the most fundamental character that it would impact the

integrity of the plea or the validity of the judgment.   In this case, the validity of the judgment of

conviction has been upheld, therefore <u>coram</u> <u>nobis</u> is not available for relief.

Similarly, in light of Masilotti's express waivers in this case (Section II.A), the application

of <u>res</u> <u>judicata</u> (Section II.B), <u>laches</u> (Section II.C), and the arguments raised as to <u>coram</u> <u>nobis</u>

(Section II.D), the petition for a writ of <u>audita</u> <u>querela</u>, assuming it would even be available, has

been foreclosed.  Therefore, the petition for a writ of <u>audita</u> <u>querela</u> should also be denied.

15

**CONCLUSION**

Based on all of the above, Masilotti's petitions for writ of <u>audita querela</u> and/or writ of error

<u>coram nobis</u> should be denied.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   */s Stephen Carlton*

Stephen Carlton
Assistant United States Attorney
500 South Australian Avenue, Suite #400
West Palm Beach, Florida 33401
Admin. No. A5500011
Tel: (561) 820-8711 Ext. 3053
Fax: (561) 659-4526
E-mail: stephen.carlton@usdoj.gov
Attorney for United States

By:   s/ Antonia J. Barnes
ANTONIA J. BARNES (FBN 261777)
Assistant U.S. Attorney
Antonia.Barnes@usdoj.gov
United States Attorney's Office
 500 S. Australian Avenue, Ste. 400
West Palm Beach, Fl. 33401-6235
Telephone: (561) 820-8711
Facsimile: (561) 655-9785
Attorney for United States

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF on July 9, 2013, on all counsel or parties of record on the Service List below.

/s Stephen Carlton

Stephen Carlton
Assistant United States Attorney

## SERVICE LIST

United States v. Anthony R. Masilotti
Case No. 06-80158-CR-RYSKAMP/HOPKINS

Stephen Carlton
Assistant U.S. Attorney
U.S. Attorney's Office
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
E-mail:  stephen.carlton@usdoj.gov
Attorney for United States
[Service via CM/ECF]

Antonia J. Barnes
Assistant U.S. Attorney
Antonia.Barnes@usdoj.gov
U.S. Attorneys Office
500 S. Australian Ave., Ste. 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 655-9785
Attorney for Plaintiff United States
[Service via CM/ECF]

Paul D. Lazarus, Esq.
Pdlazarusesq@aol.com
1 Financial Plaza
Ste. 2510
Fort Lauderdale, FL  33394
Attorney for Defendant Anthony Masilotti
[Service via CM/ECF]

17